Plaintiff, while crossing a street in the City of Baton Rouge, was struck and injured by an automobile owned by defendant E.B. Humphries and driven by his unemancipated minor daughter, Marilyn Humphries, who resided with her parents. He brought this suit against the defendant, individually and in his capacity of father of the said minor, to recover damages in the amount of $15,571 for the personal injuries, including a comminuted fracture of the right leg, and for the medical expenses incurred by him.
The trial of the case resulted in a judgment in favor of plaintiff and against the defendant in the sum of $1,800. Defendant has devolutively appealed.
North Boulevard is a street running east and west, and Eighteenth Street is a street running north and south, in the City of Baton Rouge. These two streets intersect each other. One block east of this intersection, North Nineteenth Street intersects North Boulevard. At this intersection there is a traffic light.
Mike Edwards, a witness for plaintiff, testified that he and plaintiff were on the south side of North Boulevard at Eighteenth Street. After looking both ways on North Boulevard and seeing no approaching traffic within a block in either direction, he, accompanied by the plaintiff *Page 638 
in his rear, left the curb to cross North Boulevard Street; they were walking rapidly enough to get across the street considering the traffic then existing. When they had practically crossed half of the street, he saw defendant's car, travelling at about 35 or 40 miles per hour, approaching them, coming from the cast and headed west. They hurried to get on the curb. After getting on the curb, he turned around and looked back just in time to see plaintiff get hit. Plaintiff was hit about twenty-four inches from the north curb of the street. After hitting plaintiff, the driver applied the brakes and stopped the car about two car lengths on the west side of North Eighteenth Street or about sixty feet from the point of collision and plaintiff fell about twenty to thirty feet from the point of impact. The witness also testified that the traffic light at the intersection of North Boulevard and North Nineteenth Street was red for traffic on North Boulevard and that there was a car stopped on the east side of North Boulevard, headed west, awaiting the change of lights. He is positive in his testimony that defendant's car, at the time they left the south curb, was not in his line of vision. The witness testified there was no obstruction in the street to prevent the driver of defendant's automobile from seeing them continuously from the time they entered the street until plaintiff was struck by the car and that there was ample room to avoid striking plaintiff.
A.J. Loup testified for the plaintiff. The witness lives at 1820 North Boulevard, about eighty to ninety feet east of Eighteenth Street, on the south side of North Boulevard. He was sitting on his front porch at the time of the accident where he could and did observe in detail the circumstances leading up to it. He saw plaintiff at about the center of the street going north and at the same time he saw defendant's car in front of his house. He estimates the speed of defendant's car, when in front of his house, at between thirty and fifty miles per hour. He testified that plaintiff was about one step away from the curb, "one more step he would have been on the curb" when plaintiff was struck. He is emphatic that there were no cars travelling east or west just prior or at the time of impact, save defendant's car. There were no obstructions in the line of vision of the driver of defendant's automobile. He jumped up from his sitting position and ran towards the site of the accident, but prior to entering the street, he looked in both directions and no cars were coming in either direction. The driver of defendant's automobile stopped about ten or fifteen feet west of the intersection and plaintiff fell about six feet from the west curb of Eighteenth Street.
B.H. Humphries testified for defendant. He is a son of defendant and a brother of Miss Humphries, the driver of the auto at the time of the accident. According to his testimony, the car was in such bad mechanical condition that it was unable to travel at a speed of thirty-five miles per hour. He testified that North Boulevard is a heavily travelled street between the hours of 5:00 and 7:00 P.M.
Miss Marilyn Humphries, defendant's minor daughter and the driver of the automobile, testified that she had been travelling south on North Nineteenth Street. Upon reaching the intersection of North Nineteenth Street and North Boulevard, she stopped for a red light; after the light changed to green she turned right and proceeded west on North Boulevard. There were no cars in front of her but there was a line of cars on North Boulevard travelling east. She states: "* * * the first thing I saw was the first car in line meeting me, * * * and the first car I met travelling at a normal rate of speed and he braked his car not to a dead stop, it was practically fifteen feet in front of me and the next thing I saw was this man, Butler, walking across the street going north he was bent over walking fast, I recognized him because I had had occasion to see him, and when I saw him he was almost in front of my left fender, he just stepped out of the path of the car I was meeting, so then I realized he was going fast and no chance that he would stop, so I cut to the left to avoid running over him with the car and when I did the right front bumper struck him so far as I know, the fender might have hit him also, I don't think so though, and I went on across the *Page 639 
intersection of Eighteenth Street and stopped on the corner." She estimates her speed at the time of impact at "not over twenty miles per hour". She did not see Butler before he stepped out in front of the other car. This other car did not stop. She was prevented from cutting too far to the left by the oncoming cast line of cars. She did not blow. She applied her brakes, but could not stop.
It was stipulated that if defendant's witness, Mrs. Louise M. Smith, companion of Miss Humphries in the automobile at the time of the accident, were present that she would give substantially the same testimony as that given by Miss Humphries.
It is to be noticed that the testimony of Miss Humphries relative to traffic moving east and her speed at the time of the accident is in direct conflict with that given by witnesses Edwards and Loup. Evidently, the trial judge saw fit to believe them rather than Miss Humphries. In reading this record we are impressed by plaintiff's evidence. On account of the many contradictory statements made by Miss Humphries during her examination, we must say that we are not impressed with her version of the accident. For instance, she testified that she was prevented from cutting to the left in order to avoid striking plaintiff by other cars travelling east. Again she says that the first car travelling east had to brake his car to keep from striking plaintiff, yet she admits that none of these cars stopped. There was nothing to prevent Miss Humphries from seeing plaintiff in the act of crossing the street. The accident was caused solely by her not keeping a proper lookout. She should have seen plaintiff sooner than she did. Furthermore, she had ample room, according to the preponderance of the evidence to turn left and avoid the plaintiff. If she had been keeping a proper lookout and had had her car under proper control, she should have seen, like Mr. Loup, plaintiff some eighty or ninety feet away. It is undisputed that plaintiff was struck about three feet from the north curb of North Boulevard and was thrown or dragged a distance well over twenty feet. Miss Humphries did not stop her car, in her own version, before she had travelled over thirty feet. This is either because she was travelling too fast or her brakes did not work, if she applied them, as she says she did, before striking plaintiff.
Under the facts of this case, we cannot see the applicability of sudden emergency doctrine. If there was a sudden emergency, it was created by Miss Humphries and Miss Humphries alone. Nor do we find any contributory negligence on the part of the plaintiff. The preponderance of the evidence is to the effect that when plaintiff left the south curb of North Boulevard to cross over to the north curb, defendant's automobile was some distance away and according to Mr. Edwards, he had ample time to negotiate the crossing.
We are firm in our opinion that the negligence of Miss Humphries was the sole cause of the accident.
As to the quantum, since plaintiff has not answered the appeal and since defendant does not complain of the amount awarded, we see no dispute with reference to the award.
For these reasons, the judgment appealed from is affirmed.